UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE, N.A., *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00980-KES-EPG<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT LONG FORM APPLICATION TO PROCEED *IN FORMA PAUPERIS* OR PAY FILING FEE WITHIN THIRTY DAYS<br><br>(ECF No. 2) |

      Plaintiff Prince Paul Raymond Williams filed this civil case against the Capital One, N.A., and other Defendants on August 7, 2025. (ECF No. 1). With the complaint, Plaintiff submitted a "short form" application to proceed *in forma pauperis* (IFP) (ECF No. 2). For the reasons described below, the Court will direct Plaintiff to file a long form IFP application—*i.e.*, a form that provides more information about Plaintiff's finances.

      Under 28 U.S.C. § 1915(a)(1), a *pro se* plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Flores v. California Corr. Women's Facility*, No. 1:19-cv-1509-NONE-JLT, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). Rather, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234. However, "it is proper and indeed essential for the

supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). And under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue."

With these standards in mind, the Court notes that Plaintiff's IFP application states that Plaintiff was employed as a commercial driver up to July 17, 2025. While Plaintiff states that he was paid $940 during some unknown period of time, there is no other information about Plaintiff's income or employment history. Additionally, the Court notes that Plaintiff states that he owes some money in state court cases, but he lists no other expenses.

In order to fully comprehend Plaintiff's financial situation, and with the understanding that Plaintiff may be subject to sanctions for misrepresenting financial information in order to obtain IFP status, the Court will require that Plaintiff submit a long form IFP application.

Accordingly, IT IS ORDERED that:

1. The Clerk of the Court shall send Plaintiff a long form IFP application (AO 239).
2. Within thirty (30) days of the date of service of this order, Plaintiff shall submit the attached IFP application, completed and signed under penalty of perjury, or in the alternative, pay the $405.00 filing fee for this action.
3. No requests for extension will be granted without a showing of good cause. <u>Failure to comply with this order may result in dismissal of this action.</u>

IT IS SO ORDERED.

Dated:   **August 12, 2025**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE

2