UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE, N.A. *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00980-KES-EPG<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION<br><br>(ECF No. 5) |

Plaintiff Prince Paul Raymond Williams ("Plaintiff") is proceeding *pro se* in this civil action.[1] This matter was referred to a United States magistrate judge pursuant to 28 U.S.C § 636(b)(1)(B) and Local Rule 302.

On August 12, 2025, Plaintiff filed an ex parte application for a temporary restraining order and an order to show cause re: Preliminary Injunction. (ECF No. 5).

For reasons stated below, the Court recommends denying Plaintiff's ex parte application for a temporary restraining order and order to show cause re: Preliminary Injunction.

**I.    BACKGROUND**

    **a.    Complaint**

Plaintiff filed the complaint commencing this action on August 7, 2025. (ECF No. 1).

---

[1] Plaintiff has not paid the filing fee, and his application to proceed in forma pauperis is still pending. (ECF No. 2, 6).

1

Plaintiff brought the action pursuant to 15 U.S.C § 1681, also known as the Fair Credit Reporting Act ("FCRA"). Plaintiff generally alleges that Defendants have unlawfully and inaccurately reported a "purported" $628.32 debt to various credit bureaus. (*Id.* at 2). As a result of the reporting, Plaintiff alleges that he suffered "diminished credit scores, reputation harm, financial impairment, loss of opportunities, and mental anguish." (*Id* at 11). Plaintiff further disputed the right for Defendant LVNV to collect on the account. (*Id* at 10). Plaintiff seeks recovery of damages and injunctive relief. (*Id.* at 22).

### b. Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction

Plaintiff filed an ex parte application for a temporary restraining order and order to show cause re: preliminary injunction on August 12, 2025.  (ECF No. 5). Plaintiff requests injunctive relief barring Defendants from reporting any derogatory remarks concerning Plaintiff's alleged $628.32 debt and using Plaintiff's ecclesiastical trademarked name in any credit-reporting or collection communications. Plaintiff stated that without injunctive relief, he would suffer irreparable harm to his credit reputation, secured property interests and spiritual identity.  (*Id* at 1).

Plaintiff's application relies solely on allegations presented in Complaint. (ECF. No 1 pp. 9-21). Plaintiff's application does not include any exhibits or evidence to support it.

## II.   LEGAL STANDARDS

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Trust Drivers*, 451 U.S. 423, 439 (1974). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  *Stulhbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555

U.S. 7, 20 (2008)). "…[A] temporary restraining order, much like a preliminary junction, is an 'extraordinary and drastic remedy.'" *Munaf v. Geren,* 553 U.S. 674, 690 (2008).

"Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "The propriety of a temporary restraining order, in particular, hinges on a significant threat of irreparable injury that must be imminent in nature." *Givens v. Newsom* 459 F.Supp.3d 1302, 1310 (E.D.C.A. 2020).

"(T)he temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury ..." *Los Angeles Memorial Coliseum Commission v. National Football League,* 634 F.2d 1197, 1202 (9th Cir. 1980). "…[E]conomic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award." *Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc.* 944 F.2d 597, 603 (9th Cir. 1991). "The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray* 415 U.S. 61, 90 (1974) (upholding denial of temporary restraining order based on claim of irreparable harm after employment discharge).

**III.    ANALYSIS**

The Court recommends denying Plaintiff's motion for temporary restraining order and permanent injunction because Plaintiff has not met his burden of showing that a significant threat of imminent irreparable injury is likely.

Plaintiff claims the irreparable harm he will suffer is credit score degradation, loss of housing and employment, and spiritual injury that cannot be quantified or remedied by money damages alone. (ECF No. 5). However, these harms stem from his allegation that Defendants reported a debt of $628.32, which is a financial injury. (ECF No. 5). Such harm can clearly be remedied through damages. Moreover, if Plaintiff obtains the relief requested (ECF No.2 at 22.), then Defendant(s) would be ordered to remove the debt from Plaintiff's credit report. Plaintiff could also seek damages for any harm resulting from the allegedly improper reporting of his debt.

Plaintiff's allegations of irreparable harm are conclusory and unsupported. Plaintiff claims that but for the grant of a temporary restraining order, he will suffer a degradation of his credit score, denial of credit and employment opportunities, and a myriad of other "harms." However, Plaintiff fails to describe any potential harm in any detail, provide any factual allegations in support of his claim, or include any supporting evidence. Nor does he explain how any alleged harm cannot be compensated by monetary damages at the end of this case.

Therefore, the Court recommends denying Plaintiff's motion for temporary restraining order and preliminary injunction.[2]

### IV. CONCLUSION AND RECOMMENDATIONS

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that

1. Plaintiff's motion for a temporary restraining order and order to show cause regarding a preliminary injunction (ECF No. 5) be **DENIED.**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C § 636(b)(1). Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:  **August 18, 2025**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE

---

[2] Because the Court finds that Plaintiff has not satisfied the requirement of demonstrating irreparable harm, the Court declines to address whether Plaintiff has met the other *Winter* elements.