UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS, | No. 1:25-cv-00980-KES-EPG |
| Plaintiff, | SCREENING ORDER |
| v. | ORDER FOR PLAINTIFF TO: |
| CAPITAL ONE, N.A., et al., | (1) FILE A SECOND AMENDED COMPLAINT; OR |
| Defendants. | (2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT |
| | (ECF NO. 13) |
| | THIRTY-DAY DEADLINE |

Plaintiff Prince Paul Raymond Williams ("Plaintiff") is proceeding *pro se* and *in forma pauperis*. Plaintiff filed the Complaint commencing this action on August 7, 2025. (ECF No. 1). Plaintiff filed a First Amended Complaint on September 18, 2025. (ECF No. 13).

Plaintiff's First Amended Complaint is 110 pages long. It asserts 14 causes of action against eight defendants. Plaintiff appears to assert that Defendants improperly sold or assigned an indebted account attributed to Plaintiff and published that account for collections.

The Court finds that the First Amended Complaint fails to state any cognizable claims because it violates the Federal Rules of Civil Procedure including Rule 8(a) requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."

After Plaintiff reviews this order, Plaintiff can decide to file an amended complaint, which

the Court will screen in due course. If Plaintiff chooses to file an amended complaint, it must be **no longer than twenty-five pages**, including exhibits.

Plaintiff can also notify the Court that he wants to stand on his complaint, in which case this Court will issue findings and recommendations to the district judge assigned to the case recommending that Plaintiff's first amended complaint be dismissed for the reasons in this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I.   SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens this complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff filed his initial complaint on August 7, 2025 (ECF No. 1). Before the Court could screen Plaintiff's Complaint, Plaintiff filed a First Amended Complaint ("FAC") on September 18, 2025. (ECF. No. 13).

Plaintiff's FAC is 110 pages long and asserts 14 causes of action, including multiple violations of 42 U.S.C. § 1983 for alleged civil rights violations, municipal liability against the Counties of Fresno and Solano (who are not defendants), violations of various credit reporting statutes, and "forced labor/involuntary servitude," among others.  Plaintiff names eight defendants, in addition to Doe Defendants to be substituted later with their true identifies.

Plaintiff's FAC begins as follows:
> Plaintiff offers this invocation solely as context for identify, motive, and the gravity of harms alleged.  It is not pled as a standalone claim, element, defense, prayer for relief, or jurisdictional basis.  No adjudication of theological propositions is requested or required.  The United States' legal tradition has long recognized nonsectarian, ceremonial references to the Divine as part of the Nation's historical practices and civic heritage. . .. Plaintiff's invocation is consonant [sic] with this tradition and is offered to situate his narrative within the values of truth, dignity, and equity that animate his personal conduct and remedial aims—nothing more.

(ECF No. 13, at p. 1-2).

Plaintiff's FAC then describes charges and collections that appear to relate to $628.28

debt that appears on Plaintiff's consumer reports.

The First Amended Complaint discusses a sections of the United States Code, California Civil Code, California Business and Professional Code Federal Rules, case law, as well as spiritual and moral principles.

## III.   ANALYSIS

### A.   Legal Standards

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). The complaint must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose, confusing and conclusory." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *Brosnahan v. Caliber Home Loans, Inc.*, 765 F. App'x 173, 174 (9th Cir. 2019) (unpublished) ("The district court did not abuse its discretion by dismissing Brosnahan's TILA claim because the second amended complaint failed to comply with Rule 8(a)'s requirement of a short and plain statement of the claim."). Additionally, a court may dismiss a complaint for failure to comply with Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

**B.     Analysis**

The Court finds that Plaintiff's First Amended Complaint violates Rule 8(a). Plaintiff's FAC does not contain a short and plain statement of the claim showing that Plaintiff is entitled to relief.  Plaintiff's First Amended Complaint is over 100 pages long, and contains numerous pages of definitions and legal arguments interspersed with factual allegations and conclusory statements.

Plaintiff's allegations also improperly group all defendants together without making clear which individual defendants did the actions underlying Plaintiff's claims.  For example, Plaintiff's FAC states:

> Plaintiff publicly asserted exclusive common-law trademark rights in his ecclesiastical name and identifiers—including PRINCE PAUL RAYMOND WILLIAMS—through publication and constructive notice (Exhibit 3). Defendants used Plaintiff's name and ecclesiastical identifiers as commercial inputs in debt monetization and data sales/sharing, including in collection communications, credit furnishing, and transmission to data brokers, without authorization contrary to Plaintiff's express disputes and trademark publication.  This misuse constitutes misappropriate and dilution of Plaintiff's protected intangible identifiers under California common law.

(ECF No. 13, at p. 53).  The First Amended Complaint also asserts equitable claims based on spiritual values that are not tied to statutes or legal claims.  For example, the FAC states:

> In addition to statutory and common-law protections, Plaintiff reaffirms that his name and ecclesiastical identifiers are bound to his spiritual estate and fiduciary mission. The sale and sharing of his identifiers and personal information for reputational suppression and commercial gain are not only unlawful and unfair under California law—they are morally unconscionable. Plaintiff invokes the Court's equitable powers to restore his autonomy and dignity, to deter further commodification of his person, and to vindicate the intertwined legal and spiritual values at state in this controversy.

(*Id.* at 56).

In conclusion, Plaintiff's First Amended Complaint is subject to dismissal for not containing a short and plain statement of the claim as required by Rule 8.

As described below, the Court will allow Plaintiff to file an additional amended complaint.  However, Plaintiff's second amended complaint will be limited 25 pages and must include a short and plain statement of the claim showing that the pleader is entitled to relief.

4

**IV.    CONCLUSION AND ORDER**

The Court has screened Plaintiff's First Amended Complaint and finds that it fails to state any cognizable claim because it fails to comply with the Federal Rule of Civil Procedure 8.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, Plaintiff is granted leave to file an amended complaint within thirty days. However, any amended complaint must be **no longer than twenty-five pages**, including exhibits.

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," and refer to the appropriate case number.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
   a. File a Second Amended Complaint; or
   b. Notify the Court in writing that he wants to stand on his First Amended Complaint.
2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to case number 1:25-cv-00980-KES-EPG.
3. If Plaintiff chooses to file a second amended complaint, that must be **no longer than twenty-five pages**, including exhibits.

\\\
\\\
\\\
\\\
\\\

4. <u>Failure to comply with this order may result in the dismissal of this action.</u>

IT IS SO ORDERED.

Dated:  **October 28, 2025**          /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE

6