UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL ONE, N.A., et al., <br><br> Defendants. | No.  1:25-cv-00980-KES-EPG <br><br> FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER <br><br> (ECF Nos. 13, 15) <br><br> OBJECTIONS, IF ANY, DUE WITHIN THIRTY-DAY DAYS |

Plaintiff Prince Paul Raymond Williams ("Plaintiff") is proceeding *pro se* and *in forma pauperis*. Plaintiff filed the Complaint commencing this action on August 7, 2025. (ECF No. 1). Plaintiff filed a First Amended Complaint on September 18, 2025. (ECF No. 13). Plaintiff's First Amended Complaint is110 pages long.  It asserts 14 causes of action against eight defendants. Plaintiff appears to assert that Defendants improperly sold or assigned an indebted account attributed to Plaintiff and published that account for collections.

On October 28, 2025, the Court screened the first amended complaint and concluded that Plaintiff failed to state any cognizable claims because his complaint violated the Federal Rules of Civil Procedure including Rule 8(a) requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." (ECF No. 15). The Court gave Plaintiff thirty days to file an amended complaint or notify the Court that he wanted to stand on his complaint. (*Id.*, p. 5).

The thirty-day deadline has passed, and Plaintiff has not filed an amended complaint or

otherwise responded to the Court's order. Accordingly, for the reasons below, the Court will recommend that Plaintiff's case be dismissed, without prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

## I.     SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens this complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff filed his initial complaint on August 7, 2025 (ECF No. 1).  Before the Court could screen Plaintiff's Complaint, Plaintiff filed a First Amended Complaint ("FAC") on September 18, 2025. (ECF. No. 13).

Plaintiff's FAC is 110 pages long and asserts 14 causes of action, including multiple violations of 42 U.S.C. § 1983 for alleged civil rights violations, municipal liability against the Counties of Fresno and Solano (who are not defendants), violations of various credit reporting statutes, and "forced labor/involuntary servitude," among others.  Plaintiff names eight defendants, in addition to Doe Defendants to be substituted later with their true identifies.

Plaintiff's FAC begins as follows:
> Plaintiff offers this invocation solely as context for identify, motive, and the gravity of harms alleged.  It is not pled as a standalone claim, element, defense, prayer for relief, or jurisdictional basis.  No adjudication of theological propositions is requested or required.  The United States' legal tradition has long recognized nonsectarian, ceremonial references to the Divine as part of the Nation's historical practices and civic heritage. . .. Plaintiff's invocation is consonant [sic] with this tradition and is offered to situate his narrative within the values of truth, dignity, and equity that animate his personal conduct and remedial aims—nothing more.

(ECF No. 13, at p. 1-2).

Plaintiff's FAC then describes charges and collections that appear to relate to $628.28 debt that appears on Plaintiff's consumer reports.

The First Amended Complaint discusses sections of the United States Code, California

1  Civil Code, California Business and Professional Code Federal Rules, case law, as well as
2  spiritual and moral principles.

3  **III.   ANALYSIS**

4      **A.   Legal Standards**

5  A complaint is required to contain "a short and plain statement of the claim showing that
6  the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
7  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
8  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell
9  Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual
10 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting
11 *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this
12 plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not
13 required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681
14 (9th Cir. 2009) (citation and quotation marks omitted). The complaint must also contain
15 "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to
16 defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff
17 must demonstrate that each named defendant personally participated in the deprivation of his
18 rights. *Iqbal*, 556 U.S. at 676-77.

19 A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose,
20 confusing and conclusory." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981);
21 *Brosnahan v. Caliber Home Loans, Inc.*, 765 F. App'x 173, 174 (9th Cir. 2019) (unpublished)
22 ("The district court did not abuse its discretion by dismissing Brosnahan's TILA claim because
23 the second amended complaint failed to comply with Rule 8(a)'s requirement of a short and plain
24 statement of the claim."). Additionally, a court may dismiss a complaint for failure to comply
25 with Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely irrelevant."
26 *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

27     **B.   Analysis**

28 The Court finds that Plaintiff's First Amended Complaint violates Rule 8(a). Plaintiff's

FAC does not contain a short and plain statement of the claim showing that Plaintiff is entitled to relief. Plaintiff's First Amended Complaint is over 100 pages long, and contains numerous pages of definitions and legal arguments interspersed with factual allegations and conclusory statements.

Plaintiff's allegations also improperly group all defendants together without making clear which individual defendants did the actions underlying Plaintiff's claims. For example, Plaintiff's FAC states:

> Plaintiff publicly asserted exclusive common-law trademark rights in his ecclesiastical name and identifiers—including PRINCE PAUL RAYMOND WILLIAMS—through publication and constructive notice (Exhibit 3). Defendants used Plaintiff's name and ecclesiastical identifiers as commercial inputs in debt monetization and data sales/sharing, including in collection communications, credit furnishing, and transmission to data brokers, without authorization contrary to Plaintiff's express disputes and trademark publication. This misuse constitutes misappropriate and dilution of Plaintiff's protected intangible identifiers under California common law.

(ECF No. 13, at p. 53). The First Amended Complaint also asserts equitable claims based on spiritual values that are not tied to statutes or legal claims. For example, the FAC states:

> In addition to statutory and common-law protections, Plaintiff reaffirms that his name and ecclesiastical identifiers are bound to his spiritual estate and fiduciary mission. The sale and sharing of his identifiers and personal information for reputational suppression and commercial gain are not only unlawful and unfair under California law—they are morally unconscionable. Plaintiff invokes the Court's equitable powers to restore his autonomy and dignity, to deter further commodification of his person, and to vindicate the intertwined legal and spiritual values at state in this controversy.

(*Id.* at 56).

In conclusion, Plaintiff's First Amended Complaint is subject to dismissal for not containing a short and plain statement of the claim as required by Rule 8.

### IV.   FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS

The Court will also recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's screening order.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

4

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Plaintiff has failed to respond to the Court's screening order. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish,* 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's in forma pauperis status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Lastly, because the dismissal being recommended in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

1   After weighing the factors, the Court finds that dismissal is appropriate.

2   **V.    CONCLUSION AND ORDER**

Accordingly, IT IS RECOMMENDED as follows:

1. This action be dismissed, without prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 22, 2025**                /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

6